1    Ben M. Davidson (State Bar No. 181464)
     DAVIDSON LAW GROUP, A LAW CORPORATION
2    11377 West Olympic Boulevard
     Los Angeles, California 90064
3    Telephone: (310) 473-2300
     Facsimile: (310) 473-2941
4    Email:  *bdavidson@davidson-lawfirm.com*

5    Bennet G. Kelley (State Bar No. 177001)
     INTERNET LAW CENTER
6    100 Wilshire Blvd. Suite 940
     Santa Monica, CA 90401
7    Telephone:  (310) 452-0401
     Facsimile:  (702) 924-8740
8    Email:  *bkelley@internetlawcenter.net*

9    Attorneys for Defendant 4355768 Canada, Inc.

10

11             **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13                **SOUTHERN DIVISION**

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation. | ) Case No.:  8:14-cv-00679 |
| | ) |
| | ) Hon. James V. Selna |
| Plaintiff | ) |
| vs. | ) **Answer Of Defendant 4355768 Canada,** |
| | ) **Inc., dba CrakMedia** |
| 4355768 CANADA, INC., a Canada corporation, d/b/a CrakMedia, inclusive. | ) |
| | ) **[Counterclaims filed concurrently** |
| | ) **herewith]** |
| | ) |
| Defendants. | ) |

                                                **ANSWER TO COMPLAINT**

# Answer To Complaint

Defendant 4355768 Canada, Inc., doing business as Crakmedia ("Crakmedia"), for its Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Essociate, Inc. ("Essociate"), states as follows:

## I.   ALLEGATIONS REGARDING NATURE OF THE CASE

1.      Crakmedia admits that Essociate purports to state a claim for alleged patent infringement and otherwise denies the allegations in this paragraph.

## II.   ALLEGATIONS REGARDING JURISDICTION AND VENUE

2.      Crakmedia admits that the Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      Crakmedia admits that the Court may exercise personal jurisdiction over CrakMedia, but denies that "[v]enue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b)" based on any allegation that Crakmedia resides in this district, that a substantial part of the events or omissions giving rise to the claim occurred in this district, that any acts of infringement have occurred in this district, or that Crakmedia has any regular and established place of business in this district.

## III.   ALLEGATIONS REGARDING PARTIES

4.      Crakmedia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies them.

5.      Crakmedia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and on that basis denies them.

6.      Crakmedia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies them.

**ANSWER TO COMPLAINT**

7.     Crakmedia admits the allegations of paragraph 7 of the Complaint.

8.     Crakmedia denies the allegations of paragraph 8 of the Complaint.

9.     Crakmedia denies the allegations of paragraph 9 of the Complaint.

## III.  ALLEGATIONS OF INFRINGEMENT

10.    Crakmedia denies the allegations of paragraph 10 of the Complaint.

11.    Crakmedia denies the allegations of paragraph 11 of the Complaint.

12.    Crakmedia denies the allegations of paragraph 12 of the Complaint.

13.    Crakmedia denies the allegations of paragraph 13 of the Complaint.

14.    Crakmedia denies the allegations of paragraph 14 of the Complaint.

15.    Crakmedia denies the allegations of paragraph 15 of the Complaint.

## IV.  RELIEF REQUESTED

Crakmedia denies the averments in Essociate's request for relief, denies that Essociate is entitled to any form or relief, including a judgment or injunctive relief, and requests that the Court enter judgment in Crakmedia's favor.

## **AFFIRMATIVE DEFENSES**

Crakmedia states the following defenses without conceding that they must necessarily be plead as an affirmative defense, without adopting any burdens of proof or persuasion that it does not bear as to such defenses, and without conceding that any of the following is not already at issue.  Crakmedia reserves the right to supplement or otherwise amend its defenses as additional information is developed through discovery or otherwise.

**ANSWER TO COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

Essociate's claims are barred under the doctrine of extraterritoriality because Crakmedia is a Canadian company that has committed no fault in the United States nor caused any injury in the United States, including in this judicial district.

## SECOND AFFIRMATIVE DEFENSE

Essociate's claims are barred by the doctrines of *res judicata* and/or collateral estoppel because of the judgment of non-infringement entered against Essociate by the United States District Court for the Western District of Wisconsin in *Essociate, Inc. v. Azoogle.com, Inc.*, Case No. 3:11-cv-00727, affirmed by the Court of Appeals for the Federal Circuit on May 13, 2014.

## THIRD AFFIRMATIVE DEFENSE

Crakmedia does not infringe, either directly or indirectly, any claim of U.S. Patent No. 6,804,660 ("the Essociate Patent").

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, one or more claims of the Essociate Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103.

## FIFTH AFFIRMATIVE DEFENSE

On information and belief, one or more claims of the Essociate Patent are invalid on the grounds that they are indefinite under 35 U.S.C. § 112, second paragraph.

## SIXTH AFFIRMATIVE DEFENSE

On information and belief, one or more claims of the Essociate Patent are invalid on the grounds that they lack an adequate written description under 35 U.S.C. § 112, first paragraph.

**ANSWER TO COMPLAINT**

## SEVENTH AFFIRMATIVE DEFENSE

On information and belief, one or more claims of the Essociate Patent are invalid on the grounds that they were not enabled under 35 U.S.C. § 112, first paragraph.

## EIGHTH AFFIRMATIVE DEFENSE

On information and belief, one or more claims of the Essociate Patent are invalid on the grounds that they failed to comply with the requirements of 35 U.S.C. § 112, paragraph six.

## NINTH AFFIRMATIVE DEFENSE

On information and belief, one or more claims of the Essociate Patent are invalid on the grounds that they are not directed to patent-eligible subject matter under 35 U.S.C. § 101.

## TENTH AFFIRMATIVE DEFENSE

On information and belief, Essociate's claims are barred, in whole or in part, under the doctrine of laches, waiver, acquiescence, unclean hands, implied license, and/or other equitable doctrines.

## ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, Essociate's claims are barred, in whole or in part, under the doctrine of judicial estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Essociate's claim for damages is limited to the extent that Essociate failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287, and Crakmedia is not liable for damages before the date on which it was served with the Complaint.

**ANSWER TO COMPLAINT**

## **PRAYER**

Wherefore, Crakmedia prays for judgment as follows:

1.  That Plaintiff take nothing by way of its Complaint;

2.     A declaration that Crakmedia has not infringed (either individually, jointly, literally, or under the doctrine of equivalents), contributed to the infringement of, or induced infringement of the Essociate Patent, and further that Crakmedia has not willfully infringed, contributed to the infringement of, or induced infringement of the Essociate Patent;

3.     A declaration that each and every claim of the Essociate Patent is invalid, void and/or unenforceable;

4.     Denial of Plaintiff's request for injunctive relief;

5.     Denial of Plaintiff's  request to recover any damages, enhanced damages, costs, expenses, attorneys' fees, pre-judgment interest, or post-judgment interest from Crakmedia;

6.     Denial of Plaintiff's request for other relief from Crakmedia;

7.     Denial of Plaintiff's request for a judgment that the above-captioned matter is an exceptional case;

8.     An order enjoining Plaintiff, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claims of the '660 Patent against Crakmedia or anyone in privity with Crakmedia; and

9.     Judgment awarding Crakmedia the costs of suit, attorneys' fees, and any other relief that this Court deems just and proper.

**ANSWER TO COMPLAINT**

1   Dated:  July 7, 2014

2                                          Respectfully submitted,

3

4

5                                            /s/ Ben M. Davidson

6                                          Ben M. Davidson
                                           DAVIDSON LAW GROUP
7

8                                          Bennet G. Kelley
                                           INTERNET LAW CENTER
9

10                                         Attorneys for Defendant 4355768 Canada,
                                           Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**

1

## **REQUEST FOR JURY TRIAL**

2

Crakmedia requests a jury trial on any issue that is triable by right to a jury.

3

4

5

6

Dated:  July 7, 2014

7

Respectfully submitted,

8

9

10

____/s/ Ben M. Davidson

11

Ben M. Davidson

12

DAVIDSON LAW GROUP

13

Bennet G. Kelley

14

INTERNET LAW CENTER

15

Attorneys for Defendant 4355768 Canada,

16

Inc.

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**