Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: (310) 359-8200
Facsimile: (310) 359-8190

John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Essociate, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ESSOCIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> 4355768 CANADA, INC., a Canada corporation, dba CrakMedia, <br><br> Defendant. | Case No. SACV14-00679-JVS (DFMx) <br><br> **FIRST SET OF INTERROGATORIES OF DEFENDANT CRAKMEDIA (NOS. 1-2)** <br><br> **AND PLAINTIFF ESSOCIATE, INC.'S RESPONSES THERETO** |

TO: Defendant 4355768 Canada, Inc., dba Crakmedia

AND TO: Ben M. Davidson, its counsel of record

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Essociate, Inc. hereby responds to the First Set of Interrogatories of Defendant Crakmedia ("Interrogatories"), as follows:

## I. GENERAL OBJECTIONS

1. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions to the extent that they are vague, ambiguous, unintelligible, fail to describe the information sought with the required reasonable particularity, are so unintelligible that Essociate cannot respond or must speculate as to the information Crakmedia seeks, or seek to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, local rules of this Court, or applicable case law. Unless instructed otherwise, Essociate shall give the terms of these Interrogatories their ordinary and plain meanings. Essociate shall not be held responsible where its interpretation of these Interrogatories does not comport with Crakmedia's intentions.

2. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions to the extent they seek documents or information protected by the attorney-client privilege, attorney work-product doctrine, common-interest exception, or any other applicable privilege, immunity, doctrine, or protection. Nothing in these objections and responses is intended to be or is a waiver of any attorney-client privilege, attorney-work-product immunity, or any other applicable privilege, immunity, doctrine, or protection.

3. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions to the extent that they seek information that is confidential and/or proprietary; subject to any protective order, privacy interest, contractual obligation, or confidentiality obligation; or otherwise prohibited from disclosure.

4. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions to the extent they seek information that is irrelevant, immaterial, and/or not directly related to a claim or defense of any party in the above-entitled action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions to the extent they seek electronically-stored information that is not reasonably accessible by Essociate because of undue burden or cost, or otherwise.

6. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions as unduly burdensome to the extent the burden or expense of the discovery sought outweighs any likely benefit.

7. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions as unduly burdensome to the extent they seek discovery that is unreasonably cumulative or duplicative.

8. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions to the extent they seek information already in Crakmedia's possession, custody, or control, publicly available or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

9. Essociate objects to the Interrogatories and their accompanying Definitions and Instructions to the extent that they are compound, via conjunctive or disjunctive statements, or are otherwise unintelligible.

10. Essociate objects to the definitions of "Essociate," "Plaintiff," "you," and "your" as over broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.

11. Essociate further objects to the definitions of "Essociate," "Plaintiff," "you," and "your" to the extent that it seeks information protected by the work-product doctrine and attorney-client privilege.

12. Essociate further objects to the definition of "Essociate" as ambiguous, unduly burdensome, and harassing because it has two purported definitions, and as overbroad, unduly burdensome, and harassing to the extent it erroneously identifies "Xpays LLC" as Essociate's "predecessor."

13. Essociate objects to the definition of "Crakmedia" as over broad, unduly burdensome, and harassing to the extent it seeks information otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

14. Essociate reserves the right to modify or supplement these objections and responses to the extent allowed by the Federal Rules of Civil Procedure, local rules of this Court, or any other applicable law.

15. The fact that Essociate has responded to part or all of an Interrogatory is not intended to and shall not be construed as a waiver by Essociate of any objection to such Interrogatory.

16. Essociate hereby incorporates by reference each and every General Objection into each and every specific response set forth below. A specific response may repeat a General Objection for emphasis or for some other reason. Failure to include any General Objection in any specific response is not a waiver of any General Objection to that response.

## II. RESPONSES

**INTERROGATORY NO. 1:**

Identify the basis for your contention that the method recited in claim 1 of the Essociate Patent did more than use conventional HTML techniques to carry out

the idea of allowing a webmaster to send referral business to a merchant through an intermediary so it would not have to join the merchant's own affiliate system to get referral credit.

**ANSWER:**

Essociate incorporates its General Objections by reference and specifically objects that Interrogatory No. 1 is vague and ambiguous as to "your contention that," "conventional HTML techniques," "referral business," "an intermediary," and "referral credit," that it is not reasonably calculated to lead to the discovery of admissible evidence because it misconstrues claim 1 of the '660 Patent (*see Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) ("*properly* construed claims are compared to the process or product accused of infringing" (emphasis added)) and because Essociate has not asserted claim 1 against Crakmedia in this lawsuit, that it is over broad and unduly burdensome, calls for legal conclusions, and that it is harassing because it improperly attempts to shift the burden of proof on Crakmedia's affirmative defense to Essociate.

Subject to and without waiving the foregoing objections, Essociate responds as follows:

The method in claim 1 must have done "more than use conventional HTML techniques" because HTML is merely a markup language used to create web pages. HTML, along with any "conventional HTML techniques," cannot itself "send referral business" or any other online traffic. Similarly, HTML and HTML techniques cannot be used to carry out any kind of relationship between a webmaster, intermediary, and merchant.

**INTERROGATORY NO. 2:**

Explain the complete basis for why Essociate did not disclose the Xpays prior art system (including the version referenced at page 22 of the May 17, 2013 summary judgment opinion in *Essociate v. Azoogle.com*) to the U.S. Patent &

Trademark Office during the prosecution of the Essociate Patent.

**ANSWER:**

Essociate incorporates its General Objections by reference and specifically objects that Interrogatory No. 2 is vague and ambiguous as to "explain the complete basis," "the Xpays prior art system" and "the version referenced at page 22" of the May 17, 2013 *Azoogle.com* order, and is harassing because it improperly attempts to shift the burden of proof on Crakmedia's affirmative defense to Essociate.

Subject to and without waiving the foregoing objections, Essociate responds as follows:

The inventors on the Essociate Patent did not disclose any earlier version of the Xpays system during prosecution both because they did not believe it to be relevant to the claimed invention and because they were unaware of any reason or duty to do so.

Dated: November 18, 2014            **NEWMAN DU WORS LLP**

                          By:   s/ Derek A. Newman
                                Derek A. Newman, State Bar No. 190467
                                *derek@newmanlaw.com*
                                John Du Wors, State Bar No. 233913
                                *duwors@newmanlaw.com*

                                Attorneys for Plaintiff
                                Essociate, Inc.

## VERIFICATION

I, Michael Landau, CTO of Plaintiff Essociate, Inc., have read the foregoing FIRST SET OF INTERROGATORIES OF DEFENDANT CRAKMEDIA AND PLAINTIFF ESSOCIATE, INC.'S RESPONSES THERETO, know the contents thereof, and believe the same to be true.

DATED: November 18, 2014.

_____
Michael Landau