Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: (310) 359-8200
Facsimile: (310) 359-8190

John Du Wors, State Bar No. 233913
*duwors@newmanlaw.com*
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Essociate, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

ESSOCIATE, INC.,

Plaintiff,

v.

4355768 CANADA, INC., a Canada corporation, dba CrakMedia,

Defendant.

Case No. SACV14-00679-JVS (DFMx)

**FIRST SET OF REQUESTS FOR ADMISSION OF DEFENDANT CRAKMEDIA**

**AND PLAINTIFF ESSOCIATE, INC.'S RESPONSES THERETO**

**TO: Defendant 4355768 Canada, Inc., dba Crakmedia**

**AND TO: Ben M. Davidson, its counsel of record**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Essociate, Inc. hereby responds to the First Set of Requests for Admission of Defendant Crakmedia ("Requests"), as follows:

## I. GENERAL OBJECTIONS

1. Essociate objects to the Requests and their accompanying Definitions and Instructions to the extent that they are vague, ambiguous, unintelligible, fail to describe the information sought with the required reasonable particularity, are so unintelligible that Essociate cannot respond or must speculate as to the information Crakmedia seeks, or seek to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, local rules of this Court, or applicable case law. Unless instructed otherwise, Essociate shall give the terms of these Requests their ordinary and plain meanings. Essociate shall not be held responsible where its interpretation of these Requests does not comport with Crakmedia's intentions.

2. Essociate objects to the Requests and their accompanying Definitions and Instructions to the extent they seek documents or information protected by the attorney-client privilege, attorney work-product doctrine, common-interest exception, or any other applicable privilege, immunity, doctrine, or protection. Nothing in these objections and responses is intended to be or is a waiver of any attorney-client privilege, attorney-work-product immunity, or any other applicable privilege, immunity, doctrine, or protection.

3. Essociate objects to the Requests and their accompanying Definitions and Instructions to the extent that they seek information that is confidential and/or proprietary; subject to any protective order, privacy interest, contractual obligation, or confidentiality obligation; or otherwise prohibited from disclosure.

4. Essociate objects to the Requests and their accompanying Definitions and Instructions to the extent they seek information that is irrelevant, immaterial,

and/or not directly related to a claim or defense of any party in the above-entitled action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Essociate objects to the Requests and their accompanying Definitions and Instructions to the extent they seek electronically-stored information that is not reasonably accessible by Essociate because of undue burden or cost, or otherwise.

6. Essociate objects to the Requests and their accompanying Definitions and Instructions as unduly burdensome to the extent the burden or expense of the discovery sought outweighs any likely benefit.

7. Essociate objects to the Requests and their accompanying Definitions and Instructions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible. Essociate objects to the Requests and their accompanying Definitions and Instructions as unduly burdensome to the extent they seek discovery that is unreasonably cumulative or duplicative.

8. Essociate objects to the Requests and their accompanying Definitions and Instructions to the extent they seek information already in Crakmedia's possession, custody, or control, publicly available or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

9. Essociate objects to the Requests and their accompanying Definitions and Instructions to the extent that they are compound, via conjunctive or disjunctive statements, or are otherwise unintelligible.

10. Essociate objects to the definition of "Essociate" as over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11. Essociate further objects to the definition of "Essociate" to the extent that it seeks information protected by the work-product doctrine and attorney-client privilege.

12. Essociate further objects to the definition of "Essociate" as ambiguous, unduly burdensome, and harassing because it has two purported

definitions, and as overbroad, unduly burdensome, and harassing to the extent it erroneously identifies "Xpays LLC" as Essociate's "predecessor."

14. Essociate reserves the right to modify or supplement these objections and responses to the extent allowed by the Federal Rules of Civil Procedure, local rules of this Court, or any other applicable law.

15. The fact that Essociate has responded to part or all of a Request is not intended to and shall not be construed as a waiver by Essociate of any objection to such Request.

16. Essociate hereby incorporates by reference each and every General Objection into each and every specific response set forth below. A specific response may repeat a General Objection for emphasis or for some other reason. Failure to include any General Objection in any specific response is not a waiver of any General Objection to that response.

## II. RESPONSES

**REQUEST NO. 1:**

Admit that Crakmedia does not have any servers in the United States that carry out an affiliate pooling system.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous, seeks information that can be readily and more easily obtained from some source other than Essociate, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate states that it lacks knowledge and information sufficient to form a belief about the substance of this request and on that basis DENIES it.

**REQUEST NO. 2:**

Admit that Crakmedia takes no action in the United States constituting a data setup operation on an existing target affiliate system.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous, seeks information that can be readily and more easily obtained from some source other than Essociate, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate states that it lacks knowledge and information sufficient to form a belief about the substance of this request and on that basis DENIES it.

**REQUEST NO. 3:**

Admit that Crakmedia does not sell in the United States any computer programs for providing virtual affiliates to an existing affiliate system.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous, seeks information that can be readily and more easily obtained from some source other than Essociate, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate states that it lacks knowledge and information sufficient to form a belief about the substance of this request and on that basis DENIES it.

**REQUEST NO. 4:**

Admit that Crakmedia does not import into the United States any computer programs for providing virtual affiliates to an existing affiliate system.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous, seeks information that can be readily and more easily obtained from some source other than Essociate, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate states that it lacks knowledge and information sufficient to form a belief about the substance of this request and on that basis DENIES it.

**REQUEST NO. 5:**

Admit that Crakmedia does not run in the United States any computer programs for providing virtual affiliates to an existing affiliate system.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous, seeks information that can be readily and more easily obtained from some source other than Essociate, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate states that it lacks knowledge and information sufficient to form a belief about the substance of this request and on that basis DENIES it.

**REQUEST NO. 6:**

Admit that Crakmedia does not import into the United States any computer programs for providing virtual affiliates to an existing affiliate system.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous, seeks information that can be readily and more easily obtained from some source other than Essociate, and calls

for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate states that it lacks knowledge and information sufficient to form a belief about the substance of this request and on that basis DENIES it.

**REQUEST NO. 7:**

Admit that, prior to filing the Complaint in this case, Essociate prepared no written comparison of Crakmedia's systems to structure disclosed by the Essociate patent for performing each of the functions recited by the means-plus-function limitations in claim 28.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is over broad and unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, and that it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate DENIES that it had any such obligation to identify specific algorithm or algorithms within Crakmedia's proprietary and non-public code, or therefore, to prepare a written comparison of such proprietary and non-public algorithms with structure disclosed by the Essociate Patent for performing particular functions. Essociate DENIES that it did not prepare a written comparison of independent claims of the Essociate Patent with those aspects of Crakmedia's system which were reasonably accessible to Essociate.

**REQUEST NO. 8:**

Admit that, prior to filing the lawsuit in this case, Essociate prepared no written comparison between algorithms used by Crakmedia and algorithms disclosed by the written description of the Essociate patent for "correlating the

received unique identifier to a Merchant unique identifier corresponding to the unique identification system of the requested Merchant affiliate system."

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is over broad and unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, and that it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate DENIES that it had any such obligation to identify specific algorithm or algorithms within Crakmedia's proprietary and non-public code, or therefore, to prepare a written comparison of such proprietary and non-public algorithms with the Essociate Patent. Essociate DENIES that it did not prepare a written comparison of independent claims of the Essociate Patent with those aspects of Crakmedia's system which were reasonably accessible to Essociate.

**REQUEST NO. 9:**

Admit that, prior to filing this lawsuit, Essociate did not identify the algorithm or algorithms allegedly used by Crakmedia for "correlating the received unique identifier to a Merchant unique identifier corresponding to the unique identification system of the requested Merchant affiliate system."

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous as to "allegedly used by Crakmedia," over broad and unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, and that it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate DENIES that it had any such obligation to identify any specific

algorithm or algorithms within Crakmedia's proprietary and non-public code. Essociate DENIES that it did not prepare a written comparison of independent claims of the Essociate Patent with those aspects of Crakmedia's system which were reasonably accessible to Essociate.

**REQUEST NO. 10:**

Admit that during prosecution of the Essociate Patent, Essociate's named inventors withheld from the United States Patent & Trademark Office information about a prior art system called Xpays that it offered to Webmasters so they could participate in existing Merchant affiliate systems without having to join those Merchant affiliate systems.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous as to "Essociate's named inventors" and in general, and is over broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous, over broad and unduly burdensome as to "system called Xpays" because the undefined term "system called Xpays" includes within its meaning numerous different components and practices that changed repeatedly. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate DENIES this request.

**REQUEST NO. 11:**

Admit that, at least by May 1, 1999, Essociate's named inventors operated a system that that allowed "groups of Webmasters to participate in existing Merchant affiliate systems without the need of joining those Merchant affiliate systems" as those terms are used on column 5, lines 53-56 of the Essociate Patent.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous as to "Essociate's named inventors," and unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because the phrase "groups of Webmasters to participate in existing Merchant affiliate systems without the need of joining those Merchant affiliate systems" does not appear at column 5, lines 53-56 of the Essociate Patent. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate ADMITS that at least by May 1, 1999, the inventors on the Essociate Patent operated an online affiliate system. Essociate DENIES everything else.

**REQUEST NO. 12:**

Admit that, before May 1, 1999, Xpays LLC operated an affiliate system at www.xpays.com that included a unique webmaster affiliate ID in a URL passed to a merchant affiliate system.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous as to "an affiliate system … that included a unique webmaster affiliate ID in a URL passed to a merchant affiliate system" and "URL passed to a merchant affiliate system." Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate ADMITS that before May 1, 1999, Xpays LLC operated an affiliate system available at www.xpays.com. Essociate is unable to understand the remainder of this request and therefore DENIES it.

**REQUEST NO. 13:**

Admit that, before May 1, 1999, Xpays LLC operated an affiliate system it called Xpays that allowed "virtual affiliates to have access to an existing affiliate system," as those terms are used in the specification of the Essociate Patent at column 3, line 66-column 4, line 1.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate DENIES that before May 1, 1999, Xpays LLC operated an affiliate system it called Xpays that allowed "virtual affiliates to have access to an existing affiliate system," as those terms are used in the specification of the Essociate Patent at column 3, line 66-column 4, line 1, because the "virtual affiliates" referred to in that portion of the Essociate Patent are afforded access to an existing affiliate system using the claimed invention, not any technique used by Xpays LLC prior to May 1, 1999. Essociate ADMITS that before May 1, 1999, Xpays LLC operated an affiliate system it called Xpays.

**REQUEST NO. 14:**

Admit that Essociate made a deliberate decision not to disclose its Xpays prior art system to the United States Patent & Trademark Office during the prosecution of the Essociate Patent.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because the undefined term "Xpays … system" includes within its meaning numerous different components and practices that have been changed

repeatedly over the fourteen year period from August 1998 to the present. Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate DENIES this request.

**REQUEST NO. 15:**

Admit that Essociate generates most of its revenue by offering licenses to companies that it accuses of infringing the Essociate Patent.

**RESPONSE:**

Essociate incorporates its General Objections by reference and specifically objects that this request is vague and ambiguous as to "most" and as to "generat[ing] ... revenue by offering licenses". Subject to and without waiving the foregoing objections, Essociate responds as follows:

Essociate DENIES that it generates revenue from "offering licenses".

Dated: November 18, 2014

NEWMAN DU WORS LLP

By: s/ Derek A. Newman
Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
John Du Wors, State Bar No. 233913
*duwors@newmanlaw.com*

Attorneys for Plaintiff
Essociate, Inc.